# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CEDRIC WEBB**                                            **CIVIL ACTION**

**VERSUS**

                                                          **NO. 18-1076-JWD-RLB**

**WELLS FARGO HOME**
**MORTGAGE, INC.**

## NOTICE

        Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

        In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

        **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

        Signed in Baton Rouge, Louisiana, on August 29, 2019.

                          **RICHARD L. BOURGEOIS, JR.**
                          **UNITED STATES MAGISTRATE JUDGE**

| | |
|---|---|
| **CEDRIC WEBB** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 18-1076-JWD-RLB** |
| **WELLS FARGO HOME MORTGAGE, INC.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss. (R. Doc. 5). The Motion is opposed. (R. Doc. 9). Wells Fargo has filed a Reply. (R. Doc. 11).

## I.      Background

On or about November 8, 2018, Cedric Webb ("Plaintiff") initiated this *pro se* action naming "Wells Fargo Home Mortgage" as the sole defendant. (R. Doc. 1-5). The action concerns Plaintiff's request for a modification of a 30-year mortgage on an unidentified piece of property two years after the mortgage was obtained in February of 2012. (R. Doc. 1-5 at 1).

Plaintiff raises two "complaints" and one "count" in his Petition. Plaintiff alleges in his first "complaint" that Wells Fargo Home Mortgage falsely informed him that the USDA Rural Development Loan Department denied a loan modification that was actually never submitted to the USDA for approval. (R. Doc. 1-5 at 1-2). Plaintiff alleges in his second "complaint" that in 2017 he hired Prestige Home Solutions ("Prestige") to proceed with a loan modification on his behalf but Wells Fargo Home Mortgage informed Prestige that it would not offer a loan modification and would instead continue with sale and foreclosure of Plaintiff's property. (R. Doc. 1-5 at 2-3). Under a single "count" titled "Negligence," Plaintiff alleges that Wells Fargo Home Mortgage violated the following: (a) "A series of Truth in Lending laws"; (b) "Unfair Mortgage Practices"; (c) "Dual Tracking Laws"; (d) the Real Estate Settlement Procedures Act

("RESPA"); (e) "Evaluation of a Loss Mitigation Application"; (f) "Evaluation of Incomplete

Loss Mitigation Application"; and (g) "Loss Mitigation Option denial." (R. Doc. 1-5 at 3).

Plaintiff seeks "a temporary restraining order on all foreclosure, seizure and Sheriff's Sale

activities," "compensatory damages of $250,000 for the loss of his home, having to file

bankruptcy, and stress induced by the defendant's actions under their unfair mortgage practices,"

and an award of attorney's fees and costs. (R. Doc. 1-5 at 3-4). Wells Fargo represents that no

foreclosure on the home has occurred. (R. Doc. 5-1 at 9).

On November 13, 2018, the State Court stayed the Sheriff's Sale scheduled to occur the

next day. (R. Doc. 1-7).

Wells Fargo Bank, N.A. ("Wells Fargo") removed this action on January 7, 2019,

asserting that this Court has both diversity jurisdiction and federal question jurisdiction. (R. Doc.

1). Wells Fargo asserts that "Wells Fargo Home Mortgage no longer exists as a separate and

independent legal entity, having been merged into Wells Fargo Bank, N.A. in 2004, and is a

division of Wells Fargo Bank, N.A." (R. Doc. 1 at 1 n.1).

Well Fargo filed the instant Motion to Dismiss on January 7, 2019. (R. Doc. 5). The

district judge referred the Motion to Dismiss to the undersigned on July 3, 2019. (R. Doc. 12).

II.     **Arguments of the Parties**

Wells Fargo argues that the instant action should be dismissed in its entirety for failure to

state a claim. (R. Doc. 5). First, Wells Fargo argues that Plaintiff has failed to state a claim

under RESPA because Plaintiff did not cite any specific RESPA provisions that Wells Fargo

allegedly violated and does not otherwise allege that he submitted a completed application 37

days before a foreclosure sale, a required element for the "dual tracking" claim. (R. Doc. 5-1 at

4-7). Second, Wells Fargo argues that Plaintiff's RESPA claim must fail because Plaintiff has

not alleged any actual damages as a result of the RESPA violation. (R. Doc. 5-1 at 7-9). Third,

Wells Fargo argues that Plaintiff's negligence claim must be dismissed as barred under the Louisiana Credit Agreement Statute and for failure to plead the elements of a negligence claim. (R. Doc. 5-1 at 9-12). Finally, Wells Fargo argues that all of the additional claims raised by Plaintiff must be dismissed as they are unaccompanied by allegations of supporting facts, damages, or legal theories. (R. Doc. 5-1 at 12).

In opposition, Plaintiff primarily reiterates the allegations in the Petition, but also adds certain dates and references to 12 C.F.R. 1024.41. (R. Doc. 9). Plaintiff now states, with respect to his first "complaint," that his February 2014 loan modification application was extended by "10 MONTHS" in light of the USDA approval process and that he is seeking recovery for violations of the foregoing RESPA regulations and "unfair mortgage lending practices." (R. Doc. 9 at 4). Plaintiff further states, with respect to his second "complaint," that he attempted his second loan modification in December 2017, and seeks recovery for "dual tracking." (R. Doc. 9 at 5).

In reply, Wells Fargo argues that any RESPA claims brought by Plaintiff concerning the 2014 loan modification application are time-barred in light of RESPA's three-year limitations period. (R. Doc. 11 at 2). Wells Fargo further argues that Plaintiff has still not alleged sufficient facts in support of a RESPA violation and, instead, merely referenced the RESPA implementing regulation. (R. Doc. 11 at 3). Finally, Wells Fargo argues that Plaintiff has abandoned his claims to the extent he did not address Wells Fargo's arguments. (R. Doc. 11 at 4-5).

III.    Law and Analysis

A.      Legal Standards

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6)

motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a pro se plaintiff's] allegations and briefs more permissively"). Furthermore, in most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).

**B.      Dismissal of Plaintiff's Claims**

Even when held to less stringent standards in light of Plaintiff's *pro se* status, the allegations in the Petition fail to meet the pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff alleges that he requested mortgage assistance directly from Wells Fargo in February of 2014, with respect to an unidentified piece of property. Plaintiff also

references various sources of law and legal concepts that he alleges were violated. These conclusory allegations are insufficient to state a claim.

Plaintiff's "negligence" claim fails to raise any factual allegations with respect to the various elements required to recover for negligence, including "1) the existence of a duty to conform one's behavior to a specific standard; 2) the defendant failed to conform to that duty; 3) the conduct was a cause in fact of the plaintiff's injuries; 4) the conduct was a legal cause of the plaintiff's injuries; and that 5) actual damages resulted." *Barnes v. Bass*, 933 So. 2d 241, 244 (La Ct. App. 2006). Plaintiff has not alleged what duties were owed to Plaintiff by Wells Fargo, how Wells Fargo breached any such duties, whether Wells Fargo was the cause of the breach, and what damages Plaintiff suffered as a result of the breach. Furthermore, Plaintiff has not responded to Wells Fargo's arguments that any negligence claim is barred by the Louisiana Credit Agreement Statute, which requires a written agreement for an action for damages on a credit agreement. *See* La. R.S. 6:1122. Plaintiff has not alleged that he and Wells Fargo entered into a written agreement with respect to loan modification. Plaintiff's negligence claim fails for the foregoing reasons.

In addition to any general negligence claim, Plaintiff also provides a laundry list of alleged violations concerning various sources of law and legal concepts: (a) "A series of Truth in Lending laws"; (b) "Unfair Mortgage Practices"; (c) "Dual Tracking Laws"; (d) the Real Estate Settlement Procedures Act ("RESPA"); (e) "Evaluation of a Loss Mitigation Application"; (f) "Evaluation of Incomplete Loss Mitigation Application"; and (g) "Loss Mitigation Option denial." (R. Doc. 1-5 at 3). Plaintiff does not state any specific facts in support of these alleged violations, including how the various sources of law and legal concepts were violated. With the exception of the RESPA and dual-tracking claims, Plaintiff's opposition sheds no light on the nature of these claims or how recovery is possible on these claims. The Court finds these alleged

violations to be the exact type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that do not meet the requirements of Rule 8(a). *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Having concluded that Plaintiff's other claims fail, the Court turns to Plaintiff's allegations with respect to RESPA and dual-tracking. Plaintiff does not identify any specific regulations or provisions in RESPA under which he is seeking relief. While not referenced in the Complaint, it appears that Plaintiff is seeking to raise a claim under 12 U.S.C. § 2605(e), which establishes a duty of a loan servicer to respond to borrower inquiries. It further appears that Plaintiff is seeking to allege that Wells Fargo has violated 12 C.F.R. § 1024.41, which provides instructions on loss mitigation procedures, by initiating foreclosure proceedings in violation of the procedures in that regulation. It also appears that Plaintiff is asserting a "dual tracking" claim in light of 12 C.F.R. § 1024.41.

Plaintiff asserts in his opposition that Wells Fargo violated 12 C.F.R. 1024.41(c)(2)(i)-(iv) and 12 C.F.R. 1024.41(d). Subsections (c) and (d) address evaluation of loss mitigation applications and denial of loan modification options. Plaintiff does not allege any specific facts with respect to the substance of his loan modification request, including what documents were included and whether it was complete. Furthermore, a servicer need not comply with the requirements of 12 C.F.R. 1024.41 with respect to a borrower's loss mitigation application where "the servicer has previously complied with the requirements of this section for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior complete application." 12 C.F.R. 1024.41(i). Plaintiff appears to now assert that he submitted a complete loss mitigation application in 2014. But in the Petition, Plaintiff fails to allege that his 2017 loan modification application was his first complete loss mitigation application or that he became current on his payments after Wells Fargo considered

the 2014 application.  Accordingly, Plaintiff's RESPA claim is to dismissal.  *See Ruiz v. PennyMac Loan Servs., LLC*, 2018 WL 4772410, at *2 (N.D. Tex. Oct 3, 2018).

"While the term 'dual tracking' is mentioned nowhere in the regulation, § 1024.41 provides for the prohibition of initiating foreclosure proceedings while a complete loss mitigation application is considered or, if foreclosure is already initiated, prohibits moving for final foreclosure judgment." *Satterfeal v. LoanCare, LLC*, No. 18-1021-JWD-EWD, 2019 WL 2857993, at *4 (M.D. La. July 2, 2019) (citing 12 C.F.R. § 1024.41(f)(2), (g)).  "The regulation imposes duties on servicers who 'receive[ ] a complete loss mitigation application more than 37 days before a foreclosure sale.'" *Christiana Tr. v. Riddle*, 911 F.3d 799, 802 (5th Cir. 2018) (quoting 12 C.F.R. § 1024.41(c)(1)).  "When a servicer receives such an application, the servicer must—within thirty days of receiving the application—'evaluate the borrower for all loss mitigation options available to the borrower' and 'provide the borrower with a notice . . . stating the servicer's determination of which loss mitigation options, if any, it will offer the borrower[.]'" *Id.*

Plaintiff does not allege any specific date on which he submitted a complete application or when a foreclosure sale was scheduled.  Plaintiff's opposition to the instant motion does not shed any light on this omission.  Without these allegations, Plaintiff cannot state a claim for dual tracking under RESPA. *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 (5th Cir. 2016) ("Here, Gresham did not plead, nor is there any evidence, that he submitted a complete loss mitigation application more than 37 days before the April 1, 2014 foreclosure sale. The district court therefore correctly concluded that Gresham failed to put forth any factual content to support its claim that Wells Fargo violated dual tracking rules."); *Forscht v. Select Portfolio Servicing, Inc.*, No. 17-2659, 2018 WL 1757610, at *2 (S.D. Tex. Apr. 12, 2018) ("Without

some factual allegations on when a plaintiff submitted a complete loss mitigation application, a [dual-tracking] claim does not rise beyond a speculative level.")

Furthermore, Plaintiff's claims pertaining to his 2014 application appear time-barred in light of the allegations in the Petition. The statute of limitations for a claim under 12 U.S.C. § 2605 is three years. *See* 12 U.S.C. § 2614; *see Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 629 (5th Cir. 2014). Here, the final conduct with respect to the February 2014 loan mortgage application appears to be the denial of the loan modification eight months later. The Petition was filed on or about November 8, 2018. Given the facts alleged in the Petition, it appears that Plaintiff's claim with respect to the February 2014 loan mortgage application is time-barred. In his opposition, however, Plaintiff asserts that the loan modification process was extended "10 months" to December [2014].[1] (R. Doc. 9 at 4). It is unclear what 10-month period to which Plaintiff is referring.

Finally, Plaintiff's claims under RESPA fail because he has not alleged any actual damages resulting from the alleged RESPA violations. *See Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation.") (citing 12 U.S.C. § 2605(e),(f)). "In order to establish actual damages under RESPA, a plaintiff must demonstrate that defendant's breach proximately caused the alleged damages." *Payne v. Seterus Inc.*, No. 16-0203, 2016 WL 4521659, at *6 (W.D. La. Aug. 26, 2016). "While courts have interpreted this requirement liberally, the loss alleged must be related to the RESPA violation itself." *Hopson v. Chase Home Fin. LLC*, 14 F. Supp. 3d 774, 788 (S.D. Miss. Apr. 11, 2014) (quoting *Hensley v. Bank of New York Mellon*, 2011 WL 4084253, at *3-4 (E.D. Cal. Sept. 13, 2011)). Plaintiff seeks "a

---

[1] Plaintiff's opposition indicates that this 10-month time period in connection to the February 2014 application was therefore extended to December 2018. The Court assumes that this is a typographical error and notes this lawsuit was even filed prior to December 2018.

temporary restraining order on all foreclosure, seizure and Sheriff's Sale activities," "compensatory damages of $250,000 for the loss of his home, having to file bankruptcy, and stress induced by the defendant's actions under their unfair mortgage practices," and an award of attorney's fees and costs. (R. Doc. 1-5 at 3-4). Plaintiff has not alleged that the damages suffered from the loss of his home and filing bankruptcy are causally related to the alleged RESPA claims, as opposed to other financial issues. Furthermore, "damages in the form of attorney's fees and mental anguish are insufficient to meet the requirement that the plaintiff must have suffered actual damages as a result of the defendant's RESPA violations." *Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1019 (N.D. Tex. 2013).

Based on the foregoing, Plaintiff's claims are subject to dismissal in their entirety.

### C. Leave to Amend

Despite the shortcomings outlined above, courts are encouraged to grant leave to amend the complaint once to cure such deficiencies before dismissing a lawsuit with prejudice. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) ("Although a court may dismiss [a deficient] claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."). Wells Fargo anticipates that the Court may grant leave to amend the Petition. (R. Doc. 11 at 5 n.5). Given the record, and Plaintiff's *pro se* status, the Court finds it appropriate to grant Plaintiff leave to file an amended complaint should he wish to cure the foregoing deficiencies.

**IV.     Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that Wells Fargo's Motion to Dismiss (R. Doc. 5) be

**GRANTED,** and the claims of Plaintiff against Wells Fargo be **DISMISSED WITHOUT**

**PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that Plaintiff be ordered to file an amended

complaint within **21 days** of the Court's ruling to the extent Plaintiff wishes to cure the

deficiencies outlined above.  Should Plaintiff decline to file an amended complaint, his claims

should be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Wells Fargo Home Mortgage be replaced by

Wells Fargo Bank, N.A. as a defendant in this action, and that the Clerk of Court be directed to

reflect this change on the docket sheet.

Signed in Baton Rouge, Louisiana, on August 29, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**