UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CEDRIC WEBB**                                                               **CIVIL ACTION**

**VERSUS**                                                                    **NO. 18-1076-JWD-SDJ**

**WELLS FARGO HOME
MORTGAGE, INC.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 15, 2020.

_____
**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CEDRIC WEBB**  **CIVIL ACTION**

**VERSUS**  **NO. 18-1076-JWD-SDJ**

**WELLS FARGO HOME
MORTGAGE, INC.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Dismiss (R. Doc. 16) Plaintiff's amended Complaint (R. Doc. 15). Wells Fargo Bank, N.A. (Wells Fargo) filed the Motion on October 15, 2019. The deadline for responding expired on November 5, 2020. *See* LR 7(f) (requiring oppositions within 21 days). As of this Report and Recommendation, Plaintiff, who is proceeding without counsel,[1] has neither filed an opposition nor sought leave to file one out of time. And so, Wells Fargo's Motion to Dismiss (R. Doc. 16) is unopposed. For the reasons discussed below, the Court **recommends** that Wells Fargo's Motion to Dismiss be **granted** and that Plaintiff's cause of action be **dismissed with prejudice**.

I.  **BACKGROUND**

On November 8, 2018, Cedric Webb initiated this action in state court naming Wells Fargo as the sole defendant. (R. Doc. 1-5). The lawsuit concerns Plaintiff's 2014 and 2018 applications to modify a 30-year mortgage on an unidentified piece of property. Plaintiff made his initial request

---

[1] Plaintiff has been pro se since he initiated this action in state court. Despite this, he has complied with previous deadlines set by this Court (R. Docs. 7, 15) and otherwise requested extensions for those he previously could not meet (R. Doc. 10). Nonetheless, Plaintiff has made no effort to respond to the instant Motion in the several months it has remained pending.

for modification just two years after obtaining the mortgage in February of 2012. (R. Doc. 13 at 2).

### A.   Original Petition

Plaintiff raised two "complaints" and one "count" in his original Petition. In his first "complaint," Plaintiff alleged that Wells Fargo told him that the USDA denied his February 2014 loan modification application, when it was actually never submitted to the USDA for approval. (R. Doc. 1-5 at 1-2). Plaintiff alleged in his second "complaint" that he hired Prestige Home Solutions to proceed with a January 2018 loan modification on his behalf. (R. Doc. 1-5 at 2-3). However, Wells Fargo informed Prestige that it would not offer a loan modification and would instead continue with the sale and foreclosure of Plaintiff's property. (R. Doc. 1-5 at 2-3).

Following his two "complaints" — which are best characterized as factual allegations — Plaintiff goes on to allege under a single "count" titled "Negligence" that Wells Fargo's conduct described in "complaint[s]" one and two "violated the following:"

(a)   A series of Truth in Lending laws;
(b)   Unfair Mortgage Practices;
(c)   Dual Tracking Laws;
(d)   Real Estate Settlement Procedures Act [(RESPA)];
(e)   Evaluation of a Loss Mitigation Application;
(f)   Evaluation of Incomplete Loss Mitigation Application; [and]
(g)   Loss Mitigation Option denial.

(R. Doc. 1-5 at 3). It is important to note, however, that Plaintiff's claims related to dual-tracking, the evaluations of complete or incomplete loss mitigation applications, and loss mitigation option denials, all fall under the Real Estate Settlement Procedures Act (RESPA).[2] And so, Plaintiff's claims can be summarized as: (a) Negligence, (b) Unfair Mortgage Practices, (c) Truth in Lending violations, and (d) RESPA violations.

---

[2] *See* infra pt. III.B.

As relief, Plaintiff sought "a temporary restraining order on all foreclosure, seizure and Sheriff's Sale activities," "compensatory damages of $250,000 for the loss of his home, having to file bankruptcy, and stress induced by the defendant's actions under their unfair mortgage practices," and an award of attorney's fees and costs. (R. Doc. 1-5 at 3-4). Throughout this litigation, however, Wells Fargo has maintained that no foreclosure on the home has occurred. (R. Doc. 5-1 at 9) (On January 7, 2019: "Indeed, no foreclosure has occurred . . . ."); (R. Doc. 16-1 at 8) (On October 15, 2019: "Indeed, no foreclosure has occurred . . . ."). The State Court record consistently indicates that on November 13, 2018, the State Court stayed the Sheriff's Sale scheduled to occur the next day. (R. Doc. 1-7).

After removing the action on December 11, 2018, Wells Fargo filed a Motion to Dismiss. (R. Doc. 5). A Report and Recommendation was issued that recommended dismissing Plaintiff's Complaint without prejudice. (R. Doc. 13). Specifically, the Court found Plaintiff's negligence, "Unfair Mortgage Practices" and "Truth in Lending" claims were not supported by any factual allegations and therefore failed to state a claim. (R. Doc. 13 at 6-7). As for the alleged RESPA violations — specifically, violations of 12 C.F.R. § 1024.41 — the Court found any claim related to Plaintiff's 2014 application was time-barred. (R. Doc. 13 at 9). Moreover, any RESPA violations associated with his 2018 application failed because he did not allege that the 2018 application was his first complete application, nor did he claim to be current on his mortgage payments. Under the circumstances, Plaintiff's own allegations precluded any violation of 12 C.F.R. § 1024.41. Plaintiff's dual-tracking claim additionally failed because he did not allege the dates related to his application or any foreclosure proceedings. (R. Doc. 13 at 8). And finally, Plaintiff did not connect his damages to the alleged violations, which likewise precluded relief under RESPA. (R. Doc. 13 at 9-10).

Despite all this, the Court recommended that Plaintiff be given an opportunity to amend his pleading and cure the deficiencies outlined in its Report and Recommendation. (R. Doc. 13). The district judge adopted the Report and Recommendation. (R. Doc. 14). So, while Plaintiff's claims were dismissed without prejudice, the district judge allowed Plaintiff to file an amended complaint to the extent he wished to cure the deficiencies. (R. Doc. 14).

**B.    Amended Complaint**

Plaintiff timely filed an amended Complaint on October 2, 2019. (R. Doc. 15). For the most part, Plaintiff's amended Complaint and his original Petition are substantively identical. In his amended Complaint, Plaintiff asserts the same two "complaints" — the first dealing with Wells Fargo's handling of his 2014 application and the second with its handling of Plaintiff's 2018 application. (R. Doc. 15 at 1-9). And instead of including new factual allegations, Plaintiff simply copies portions of articles found on the internet and adds them to his prior allegations in "complaint 1."[3] (R. Doc. 15 at 2-3). He then includes language from a website and two district court opinions in "complaint 2."[4] (R. Doc. 15 at 2-9). Because neither the articles nor the district court opinions shed any light on the facts relevant to Plaintiff's causes of action, they are largely unhelpful. Plaintiff does, however, attach certain documents that seem to be associated with his second application for a loan modification in January of 2018. (R. Docs. 15-1, 15-2). Unfortunately, his amended Complaint fails to reference or otherwise explain these documents, although they do

---

[3] Language from the following websites matches the text in "complaint one":
https://www.occ.gov/topics/consumers-and-communities/consumer-protection/fair-lending/index-fair-lending.html#:~:text=Unfair%20and%20Deceptive%20Practices,an%20element%20in%20predatory%20lending;
https://www.federalreserve.gov/boarddocs/caletters/2008/0805/08-05_attachment1.pdf; and
https://krcomplexlit.com/currentcases/wells-fargo-mortgage-modification-glitch/.

[4] Language from the following website is identical to "complaint two": http://www.ostendorflaw.com/blog/?p=878. Plaintiff also copies from two separate opinions issued by the Eastern District of California in *Cornejo v. Ocwen Loan Servicing, LLC*, 2016 WL 4382569, at *10 (E.D. Cal. Aug. 16, 2016), and *Cornejo v. Ocwen Loan Servicing, LLC*, No. 15-cv-993 (E.D. Cal. Nov. 15, 2016), ECF No. 101.

provide some additional information. As relief, Plaintiff includes the same laundry list of violations, although he separates them into 2 "counts" of "Negligence" — one for each "complaint." (R. Doc. 15 at 9). Otherwise, there is not much substantive difference between the 1 "count" in the original Petition and the 2 "count[s]" in the amended Complaint.

Wells Fargo responded by filing the instant Motion to Dismiss, arguing that Plaintiff failed to cure the deficiencies in his original Complaint. (R. Doc. 16). Again, Plaintiff has not filed any opposition addressing Wells Fargo's arguments, or otherwise responded to the Motion.

In its Motion, Wells Fargo suggests Plaintiff's amended Complaint should be dismissed in its entirety "for the same reasons his [original] Petition was dismissed." (R. Doc. 16-1 at 1-2) (Plaintiff fails to "cure the deficiencies in his [original] Petition" and still fails to state a claim). More specifically, Wells Fargo argues that Plaintiff's RESPA claims related to the 2014 loan modification are barred by the statute of limitations. (R. Doc. 16-1 at 4-5). Second, it argues that Plaintiff's RESPA claims based on the attempted loan modification in 2018 fail because (1) Plaintiff does not allege it was the first complete loss mitigation application and (2) he still has not plead any actual damages resulting from the alleged noncompliance with RESPA. (R. Doc. 16-1 at 5-12). Wells Fargo additionally suggests that Plaintiff's negligence claim is barred by the Louisiana Credit Agreement Statute. (R. Doc. 16-1 at 2). And finally, Wells Fargo argues that the additional claims raised by Plaintiff must be dismissed as they are unaccompanied by allegations of supporting facts, damages, or legal theories. (R. Doc. 16-1 at 2).

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion,

a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

A document filed by a pro se litigant, like Plaintiff, is "to be liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even when held to a less stringent standard, the allegations in Plaintiff's amended Complaint still fail to state a claim for relief. To begin, Plaintiff's amended Complaint contains hardly any new factual allegations. Instead, it mostly includes large sections of text copied from either federal court opinions or articles found on the internet. (R. Doc. 16 at 2-3, 4-8). Beyond that, Plaintiff references the same sources of law and legal concepts that he alleged were violated in his original Petition, but without any new supporting details. As previously discussed, Plaintiff's claims can be summarized as: (a) Negligence, (b) Unfair Mortgage Practices, (c) Truth in Lending violations, and (d) RESPA violations. The conclusory allegations made by Plaintiff have already been found insufficient. And because Plaintiff's amended Complaint adds little in the way of substantive information, the Court reaches the same conclusion again.

A.      **Negligence and Other Non-RESPA Claims**

Aside from the alleged RESPA violations, Plaintiff claims that Wells Fargo's conduct with respect to both his 2014 and 2018 applications constituted "Negligence," "Unfair Mortgage Practices" and "Truth in Lending" violations. (R. Doc. 15 at 9). Much like his original Petition, Plaintiff's "negligence" claim still fails to raise any factual allegations concerning the elements of that claim. To establish negligence, a plaintiff must show:

> (1) the existence of a duty to conform one's behavior to a specific standard; (2) the defendant failed to conform to that duty; (3) the conduct was a cause in fact of the plaintiff's injuries; (4) the conduct was a legal cause of the plaintiff's injuries; and that (5) actual damages resulted.

*Barnes v. Bass*, 933 So.2d 241, 244 (La. App. 3 Cir. 2006). Here, Plaintiff has not alleged what duties were owed by Wells Fargo, how Wells Fargo breached those duties, whether Wells Fargo was the cause of the breach, and what damages Plaintiff suffered as a result. Furthermore, Plaintiff's amended Complaint does not respond to Wells Fargo's prior argument that any negligence claim is barred by the Louisiana Credit Agreement Statute (R. Doc. 5-1 at 9), which requires a written agreement for an action for damages on a credit agreement. *See* La. Rev. Stat. § 6:1122. Plaintiff has not alleged that he and Wells Fargo entered into a written agreement with respect to any loan modification. Plaintiff's negligence claim therefore fails for these reasons.

In addition to any general negligence claim, Plaintiff also alleges "Unfair Mortgage Practices" and "Truth in Lending" violations. (R. Doc. 15 at 9). Plaintiff still does not state any specific facts in support of these alleged violations, including how any laws and legal concepts were violated. Without more, the Court finds these alleged violations to be the exact type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that do not meet the requirements of Rule 8(a). *Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked

assertions devoid of further factual enhancement."). And so, Plaintiff fails to state a claim for "Unfair Mortgage Practices" and "Truth in Lending" violations.

**B.     RESPA Claims**

Based on the amended Complaint, Plaintiff is alleging the same violations of the regulations promulgated under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605(f). (R. Doc. 1-5); (R. Doc. 15). Specifically, Plaintiff is suing Wells Fargo for violations of 12 C.F.R. § 1024.41(c), (d) and (g), which provide instructions on loss mitigation procedures. Without detail, Plaintiff summarily claims that Wells Fargo violated the regulation by failing to comply with loss mitigation procedures and engaging in "dual-tracking" by initiating foreclosure proceedings, despite his 2018 loan modification application. (R. Doc. 15 at 9).

The regulation governing loss mitigation applications, 12 C.F.R. § 1024.41, specifies the deadlines for reviewing timely loss mitigation applications and the requirements for notifying borrowers in writing — within 30 days of receipt of a complete loss mitigation application — which loss mitigation options the servicer may offer, or the specific reasons for denying the application. *See* 12 C.F.R. § 1024.41(c)(1)(ii), (d). Section 1024.41(g) additionally prohibits servicers from engaging in "dual tracking" — that is, pursuing foreclosure and reviewing a borrower's loss mitigation application at the same time. But, critical here, a servicer like Wells Fargo is generally "only required to comply with the requirements of § 1024.41 for a single complete loss mitigation application for a borrower's mortgage loan account." *Wilson v. Deutsche Bank Trust Company Americas*, 2019 WL 175078, at *5 (N.D. Tex. Jan. 10, 2019). More specifically, 12 C.F.R. § 1024.41(i) makes clear:

> A servicer must comply with the requirements of this section for a borrower's loss mitigation application, unless the servicer has previously complied with the requirements of this section for a complete loss mitigation application submitted by

> the borrower and the borrower has been delinquent at all times since submitting the prior complete application.

"Section 1024.41 is privately enforceable under § 6(f) of RESPA, 12 U.S.C. § 2605(f)." *Ruiz v. PennyMac Loan Servs., LLC*, 2018 WL 4772410, at *2 (N.D. Tex. Oct. 3, 2018); *see also* 12 C.F.R. § 1024.41(a). To state a claim under § 2605(f), a plaintiff must show "actual damages" resulting from the defendant's failure to comply with RESPA. *See Law v. Ocwen Loan Servicing, L.L.C.*, 587 Fed. App'x 790, 795 (5th Cir. 2014). Finally, any claim must be brought within 3 years of the alleged violation to be considered timely. *See* 12 U.S.C. § 2614 ("within 3 years in the case of a violation of section 2605 of this title").

Here, Plaintiff does not allege that the loss mitigation application submitted in January of 2018 was the first complete application he sent to Wells Fargo. Rather, Plaintiff asserts that he first submitted a complete loss mitigation application in 2014 (R. Doc. 15 at 1-2), and he consistently refers to his 2018 application as the "second time" he "tried . . . to get a loan modification." (R. Doc. 15 at 3). Beyond that, Plaintiff fails to allege that he became current on his mortgage payments after Wells Fargo considered the 2014 application. (R. Doc. 15 at 3). Indeed, the documents attached to his amended Complaint[5] suggest that he encountered a "hardship" beginning in May of 2013 that has since prevented him from making his monthly mortgage payments. (R. Doc. 15-1 at 10, 16) (In a letter dated January 5, 2018, Plaintiff writes: "I have encountered many difficulties with keeping up with my mortgage payments . . . It all started around May 2013 when I had to file for bankruptcy."). Therefore, Wells Fargo was not required to comply with the requirements of 12 C.F.R. § 1024.41, and all of Plaintiff's RESPA claims

---

[5] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "Therefore, when considering the pleadings on their face, a court may also consider the exhibits attached to the complaint in determining whether a claim upon which relief may be granted exists." *Sheppard v. Texas Dep't of Transportation*, 158 F.R.D. 592, 595 (E.D. Tex. 1994)

concerning his 2018 application must be dismissed "[f]or this reason alone." *Wilson v. Deutsche Bank Trust Company Americas*, 2019 WL 175078, at *5 (N.D. Tex. Jan. 10, 2019) (dismissing plaintiffs' loss mitigation and dual-tracking claims under 12 C.F.R. § 1024.41 where plaintiffs did "not plead that the loss mitigation application they submitted in 2016 or 2017 was the first complete loss mitigation application."); *see also Solis v. U.S. Bank, N.A.*, 726 F. App'x 221, 223 (5th Cir. 2018) ("[T]he Solises failed to allege that this application was their first complete loss mitigation application. Moreover, it does not appear to be complete. Thus, Appellants again failed to plead the prerequisites of a plausible claim" for violations of 12 C.F.R. § 1024.41.); *Ruiz v. PennyMac Loan Servs., LLC*, 2018 WL 4772410, at *2 (N.D. Tex. Oct 3, 2018) ("Ruiz does not allege . . . that the loan modification application he submitted to PennyMac was his first complete loss mitigation application. Nor does he adequately plead that he became current on his payments after PennyMac considered any previous complete loss mitigation application. Ruiz must allege facts that plausibly plead a claim under one of these alternatives in order to state a claim for a violation of § 1024.41. . . . This ground alone merits dismissal of Ruiz's [RESPA] claim.").

Beyond that, Plaintiff's RESPA claims pertaining to his 2014 application remain unchanged from his original Complaint and therefore remain time-barred. (R. Doc. 13 at 9). The statute of limitations for a claim under 12 U.S.C. § 2605 is three years. *See* 12 U.S.C. § 2614; *see Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 629 (5th Cir. 2014). As the Court previously explained, "the final conduct with respect to the February 2014 loan modification application appears to be the denial of the loan modification eight months later. The Petition was filed on or about November 8, 2018." (R. Doc. 13 at 9). Because the same facts are alleged in Plaintiff's amended Complaint, any RESPA claims related to Wells Fargo's handling of the 2014 loan modification application are time-barred.

Finally, Plaintiff's claims under RESPA fail because he has still not adequately alleged any actual damages resulting from the alleged RESPA violations in his amended Complaint. *See Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 Fed. App'x 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation.") (citing 12 U.S.C. § 2605(e),(f)). "In order to establish actual damages under RESPA, a plaintiff must demonstrate that defendant's breach proximately caused the alleged damages." *Payne v. Seterus Inc.*, 2016 WL 4521659, at *6 (W.D. La. Aug. 26, 2016). In his original Petition, Plaintiff sought "a temporary restraining order on all foreclosure, seizure and Sheriff's Sale activities," "compensatory damages of $250,000 for the loss of his home, having to file bankruptcy, and stress induced by the defendant's actions under their unfair mortgage practices," and an award of attorney's fees and costs. (R. Doc. 1-5 at 3-4). The Court found these allegations to be insufficient because "Plaintiff ha[d] not alleged that the damages suffered . . . [were] causally related to the alleged RESPA claims, as opposed to other financial issues." (R. Doc. 9-10). Aside from reducing his request for monetary relief from $250,000 to $225,000, Plaintiff's allegations remain unchanged in his amended Complaint. (R. Doc. 15 at 9-10). Therefore, the Court must once again find these allegations insufficient.

Having now concluded that Plaintiff's RESPA claims must also fail, Plaintiff's amended Complaint is subject to dismissal in its entirety. As Plaintiff has been provided an opportunity to amend, his claims should now be dismissed with prejudice. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) ("Although a court may dismiss [a deficient] claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.").

## IV.  CONCLUSION

For the reasons given above, the Court **RECOMMENDS** that Wells Fargo's Motion to Dismiss (R. Doc. 16) be **GRANTED,** and that Plaintiff's cause of action against Wells Fargo be **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on September 15, 2020.

*Scott Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**